*PANSING v. MIAMISBURG (VIL.).

1. ABANDONED CEMETERY MAY BE APPROPRIATED BY VILLAGE FOR PUBLIC PURPOSES.

   A cemetery wherein interments were made upon payment of a fee without the granting of any title to the ground, and in which no interments have been made for forty years, may be appropriated by a village for use for parks and public buildings.

2. STATING SEVERAL HARMONIOUS USES OF PROPERTY DOES NOT RENDER APPROPRIATION ORDINANCE INVALID.

   An appropriation resolution declaring that land sought to be appropriated is for "parks and public purposes," etc., it being intended that the ground around such public buildings should be merely incidental to their use, is not invalid as containing more than one subject, for the reason that the several uses stated are for harmonious purposes.

3. BURNS LAW DOES NOT APPLY TO APPROPRIATION PROCEEDINGS.

   Section 2702 (Lan. 3999; B. 1536-205) Rev. Stat., requiring the clerk's or auditor's certificate of sufficient funds in the treasury unappropriated, cannot be made to apply to appropriation proceedings in advance of any knowledge as to cost of the property.

4. INTEREST TO BE ACQUIRED NEED NOT BE STATED.

   In an appropriation proceeding it is not necessary to declare the interest to be acquired, as in the absence of a declaration a fee simple will be presumed; nor can the necessity of the appropriation be questioned, except for collusion or fraud.

5. NECESSARY DESIGNATION OF PARTIES DEFENDANT AGAINST CHURCH TRUSTEES.

   In appropriation proceedings where the property is owned by a religious society the trustees of the society should be individually named as such in the application to assess compensation.

   [Syllabus approved by the court.]

*Affirmed by Supreme Court, without report, *Pansing* v. *Miamisburg*, 79 **Ohio St.** 430.

Pansing v. Miamisburg (Vil.)

ERROR to Montgomery common pleas court.

An old cemetery containing about thirty-nine hundredths of an acre lies near the center of the town of Miamisburg. The title to the land is in the German Reformed and Lutheran churches. Prior to about 1860 it was used as a public burying ground, although the church controlled it, and might charge a fee for burying unless they saw fit to remit such charge. There have been practically no burials in it for possibly forty years.

The village council decided to appropriate this land for the purpose of erecting public buildings. Being more ground than would be required for the buildings proper, the appropriation resolution and subsequent proceedings used the following language, "for parks and public building purposes," etc., it being intended that the ground around the buildings should be kept as incidental to the buildings, although not to be built upon. Plaintiff claimed that this language made the proceedings involve more than one subject, and therefore illegal under the statute. The resolution did not specify the estate to be taken and the plaintiff urged this as an error, but defendant claimed that under the present statute, which provides that an estate in fee shall be taken unless some other estate is asked, the village was entitled to the fee.

No certificate of the clerk of the corporation was filed showing the money in the treasury for the appropriation. Plaintiff insisted that this also was an error. Plaintiff also claimed that the village had no right to appropriate the land, because it was already used for public purposes and was in fact public property.

**Gottschall & Turner** and **Mahlon Gebhart,** for plaintiff in error:

The probate court had no jurisdiction to determine the questions here raised. *Pittsburg, C. C. & St. L. Ry.* v. *Greenville,* 69 Ohio St. 487 [69 N. E. Rep. 976]; *Grant* v. *Hyde Park (Vil.),* 67 Ohio St. 166 [65 N. E. Rep. 891].

The relatives and even friends of deceased persons buried in the cemetery are the real parties in interest. *Davidson* v. *Reed,* 111 Ill. 167 [53 Am. Rep. 613]; *Boyce* v. *Kalbaugh,* 47 Md. 334 [28 Am. Rep. 464]; *Sabin* v. *Harkness,* 4 N. H. 415 [17 Am. Dec. 437]; *Wormley* v. *Wormley,* 207 Ill. 411 [69 N. E. Rep. 865; 3 L. R. A. (N. S.) 481].

If the statute is not strictly followed, the probate court acquires no jurisdiction, and its proceedings are void. *Harbeck* v. *Toledo,* 11 Ohio St. 219; *Harbeck* v. *Connelly,* 11 Ohio St. 227; *Platt* v. *Pennsylvania Co.* 43 Ohio St. 228 [1 N. E. Rep. 420]; *Giesy* v. *Railway,* 4 Ohio St. 308.

Montgomery County.

Irregularities in the condemnation proceedings. *Rhoades* v. *Toledo,* 3 Circ. Dec. 325 (6 R. 9) ; *Ryan* v. *Hoffman,* 26 Ohio St. 109.

The resolution, ordinance and application do not state the purpose of the appropriation. *Grant* v. *Hyde Park* (*Vil.*), 67 Ohio St. 166 [65 N. E. Rep. 891] ; *State* v. *Taylor,* 55 Ohio St. 61 [44 N. E. Rep. 513] ; Lewis, Em. Dom. (2 ed.) Sec. 308; *Valley Ry.* v. *Bohm,* 34 Ohio St. 114; Randolph, Em. Dom. Sec. 56; *Giesy* v. *Railway,* 4 Ohio St. 308.

The resolution, ordinance, and application do not state the estate or interest sought to be appropriated. *Giesy* v. *Railway,* 4 Ohio St. 308; *Dodson* v. *Cincinnati,* 34 Ohio St. 276; *Valley Ry.* v. *Bohm,* 34 Ohio St. 114.

Council made no finding or declaration that the appropriation of this real estate was necessary for public use. *Pittsburg, C. C. & St. L. Ry.* v. *Greenville,* 69 Ohio St. 487 [69 N. E. Rep. 976] ; *Giesy* v. *Railway,* 4 Ohio St. 308; *Dodson* v. *Cincinnati,* 34 Ohio St. 276; *State* v. *Curtis,* 86 Wis. 140 [56 N. W. Rep. 475] ; *Kinney* v. *De Mar,* 4 Circ. Dec. 282 (8 R. 149).

Property devoted to public use and cannot be condemned. *Lay* v. *State,* 12 Ind. App. 362 [39 N. E. Rep. 768] ; *Davidson* v. *Reed,* 111 Ill. 167 [53 Am. Rep. 613] ; *Hunter* v. *Sandy Hill,* 6 Hill (N. Y.) 407; *Boyce* v. *Kalbaugh,* 47 Md. 334 [28 Am. Rep. 464] ; *Beatty* v. *Kurtz,* 27 U. S. (2 Pet.) 566 [7 L. Ed. 521] ; *Wormley* v. *Wormley,* 207 Ill. 411 [69 N. E. Rep. 865; 3 L. R. A. (N. S.) 481] ; *Redwood Cemetery Assn.* v. *Bandy,* 93 Ind. 246; *Kitchen* v. *Wilkinson,* 26 Pa. Super. Ct. 75; *Commonwealth* v. *Wellington,* 89 Mass (7 Allen) 299; *Stockton* v. *Newark,* 42 N. J. Eq. 531 [9 Atl. Rep. 203] ; *Kansas City* v. *Scarritt,* 169 Mo. 471 [69 S. W. Rep. 283].

A public cemetery cannot be condemned in Ohio. *Iron Ry.* v. *Ironton,* 19 Ohio St. 299.; *Hatch* v. *Railway,* 18 Ohio St. 92; *Little Miami Ry.* v. *Dayton,* 23 Ohio St. 510; *Hickok* v. *Hine,* 23 Ohio St. 523 [13 Am. Rep. 255] ; *Cincinnati, S. & C. Ry.* v. *Belle Centre,* 48 Ohio St. 273 [27 N. E. Rep. 464] ; *Street Ry.* v. *Railway,* 50 Ohio St. 603 [36 N. E. Rep. 312] ; *Pittsburg, C. C. & St. L. Ry.* v. *Greenville,* 69 Ohio St. 487 [69 N. E. Rep. 976] ; *Louisville* v. *Nevin,* 10 Bush (Ky.) 549 [19 Am. Rep. 78] ; *Evergreen Cemetery Assn.* v. *New Haven,* 43 Conn. 234 [21 Am. Rep. 643] ; *Memphis State Line Ry.* v. *Cemetery Co.* 116 Tenn. 400 [94 S. W. Rep. 69] ; Lewis, Em. Dom. (2 ed.) Sec. 654; *Board of Street Opening, In re,* 133 N. Y. 329 [31 N. E. Rep. 102; 16 L. R. A. 180; 28 Am. St. Rep. 640] ; *New York, L. & W. Ry. In re,* 99 N. Y. 12 [1 N. E. Rep. 27] ; *Suburban Rapid-Transit Co.* v. *New York City,* 128 N. Y. 510 [28 N. E. Rep. 525] ; *Cincinnati* (*Tr.*) v.

Pansing v. Miamisburg (Vil.)

*White,* 31 U. S. (6 Pet.) 431 [8 L. Ed. 452]; *Hunter v. Sandy Hill,* 6 Hill (N. Y.) 407; *Beatty v. Kurtz,* 27 U. S. (2 Pet.) 566 [7 L. Ed. 521].

In reply. *Toledo & O. Cent. Ry.* v. *Fostoria,* 4 Circ. Dec. 602 (7 R. 293); affirmed, *Railway* v. *Fostoria,* 56 Ohio St. 726; *Pittsburg, C. C. & St. L. Ry.* v. *Greenville,* 69 Ohio St. 487 [69 N. E. Rep. 976]; *Deansville Cemetery Assn., In re,* 66 N. Y. 569 [23 Am. Rep. 86]; *Youngstown* v. *Railway,* 2 Circ. Dec. 121 (3 R. 214); *Price v. Church,* 4 Ohio 515; *Beatty v. Kurtz,* 27 U. S. (2 Pet.) 566 [7 L. Ed. 521]; *Babb* v. *Cincinnati,* 1 O. S. U. 495 (36 Bull. 206); *Spring Grove Cemetery* v. *Railway,* 1 Dec. Re. 316 (7 W. L. J. 251); *Hyde Park (Vil.)* v. *Cemetery Assn.* 119 Ill. 141 [7 N. E. Rep. 627]; *Mannix* v. *Purcell,* 46 Ohio St. 102 [24 N. E. Rep. 595; 2 L. R. A. 753; 15 Am. St. Rep. 562].

**J. C. Myers** and **Rowe, Shuey, Matthews & James,** for defendant in error:

What will authorize interference at suit of a taxpayer. *Sloane* v. *Railway,* 3 Circ. Dec. 674 (7 R. 84); *Spangler v. Cleveland,* 43 Ohio St. 526 [3 N. E. Rep. 365]; *Kellogg v. Ely,* 15 Ohio St. 64; *Toledo & O. Cent. Ry.* v. *Fostoria,* 4 Circ. Dec. 602 (7 R. 293); affirmed, *Railway* v. *Fostoria,* 56 Ohio St. 726; *Colby v. Toledo,* 12 Circ. Dec. 347 (22 R. 736); affirmed, *Colby v. Toledo,* 68 Ohio St. 698; *Cincinnati, S. & C. Ry.* v. *Belle Centre,* 48 Ohio St. 273 [27 N. E. Rep. 464]; *Richards v. Skiff,* 8 Ohio St. 586; *Toledo & Ohio Cent. Ry.* v. *Beard,* 11 Circ. Dec. 406 (20 R. 681); *Heckman v. Adams,* 50 Ohio St. 305 [34 N. E. Rep. 155]; *Moore v. Moore,* 46 Ohio St. 89 [18 N. E. Rep. 489]; *Toledo v. Preston,* 50 Ohio St. 361 [34 N. E. Rep. 353]; *Thoms v. Greenwood,* 6 Dec. Re. 639 (7 Am. L. Rec. 320); *Hallock v. Columbus,* 13 Dec. 488 (1 N. S. 205); *Swing v. Rose,* 75 Ohio St. 355 [79 N. E. Rep. 757]; *Mutual Fire Ins. Co.* v. *Furniture Co.* 108 Mich. 170 [66 N. W. Rep. 1095; 34 L. R. A. 694; 62 Am. St. Rep. 693]; *Cleveland Cc-op. Stove Co.* v. *Mehling,* 11 Circ. Dec. 400 (21 R. 60); affirmed, *Cleveland Co-op. Co.* v. *Mehling,* 68 Ohio St. 653; *Reynolds v. Stansbury,* 20 Ohio 344 [55 Am. Dec. 459]; *Sheldon v. Newton,* 3 Ohio St. 494; *Bushnell, Ex parte,* 8 Ohio St. 599; *Dayton & Union Ry.* v. *Traction Co.* 14 Dec. 143 (1 N. S. 296); *Iron Ry.* v. *Ironton,* 19 Ohio St. 299.

Proceedings of the village council and probate court were according to law. *Krumberg v. Cincinnati,* 29 Ohio St. 69; *Caldwell v. Carthage,* 49 Ohio St. 334 [31 N. E. Rep. 602]; *Strauss v. Cincinnati,* 11 Dec. Re. 92 (24 Bull. 422).

As to necessity of appropriation. *Iron Ry.* v. *Ironton,* 19 Ohio St.

Montgomery County.

299; *Cincinnati So. Ry. v. O'Meara,* 7 Dec. Re. 346 (2 Bull. 142); *Coster v. Tide Water Co.* 18 N. J. Eq. 54; *Water Works Co. v. Burkhart,* 41 Ind. 364; *People v. Smith,* 21 N. Y. 595; *Sample v. Carroll,* 132 Ind. 496 [32 N. E. Rep. 220]; *New York & Harlem Ry. v. Kip,* 46 N. Y. 546 [7 Am. Rep. 385]; *Ward v. Turnpike & Bridge Co.* 6 Ohio St. 15; *Commonwealth v. Connellsville Borough,* 201 Pa. St. 154 [50 Atl. Rep. 825]; *Laird v. Pittsburg,* 205 Pa. St. 1 [54 Atl. Rep. 324; 61 L. R. A. 332].

Purpose of appropriation. *Wellsville v. O'Connor,* 24 Circ. Dec. 689 (1 N. S. 253); *Ryan v. Orbison,* 3 Circ. Dec. 647 (7 R. 30).

Certificate of clerk. *Put-in-Bay (Vil.) v. Webb,* 7 Circ. Dec. 478 (18 R. 780); *Krumberg v. Cincinnati,* 29 Ohio St. 69; *Caldwell v. Carthage,* 49 Ohio St. 334 [31 N. E. Rep. 602]; *Strauss v. Cincinnati,* 11 Dec. Re. 92 (24 Bull. 422); *Grant v. Hyde Park (Vil.),* 67 Ohio St. 166 [65 N. E. Rep. 891].

The fee simple is taken. *Cincinnati, H. & D. Ry. v. Sundry Persons,* 1 Dec. Re. 326 (7 W. L. J. 265).

What may be appropriated. Mills, Em. Dom. Sec. 20; *Board of Street Opening, In re,* 133 N. Y. 329 [31 N. E. Rep. 102; 16 L. R. A. 180; 28 Am. St. Rep. 640]; *Deansville Cemetery Assn. In re,* 66 N. Y. 569 [23 Am. Rep. 86]; Randolph, Em. Dom. Sec. 97; *Youngstown v. Railway,* 2 Circ. Dec. 121 (3 R. 214); *Price v. Church,* 4 Ohio 515; *Smiley v. Bartlett,* 3 Circ. Dec. 432 (6 R. 234); *Methodist Prot. Church v. Laws,* 4 Circ. Dec. 562 (7 R. 211); *Richards v. Dutch Church,* 32 Barb. (N. Y.) 42; *Babb v. Cincinnati,* 1 O. S. U. 495 (36 Bull. 206); *Iron Ry. v. Ironton,* 19 Ohio St. 299; *Spring Grove Cemetery v. Railway,* 1 Dec. Re. 316 (7 W. L. J. 251); *Montclair Water Co. v. Jersey City,* 58 N. J. Law 262 [33 Atl. Rep. 740]; *New York, L. & W. Ry. In re,* 99 N. Y. 12 [1 N. E. Rep. 27]; *Kansas & T. Coal Ry. v. Coal & Mining Co.* 161 Mo. 288 [61 S. W. Rep. 684; 51 L. R. A. 936; 84 Am. St. Rep. 717].

As to what is a private cemetery. *Deansville Cemetery Assn. In re,* 66 N. Y. 569 [23 Am. Rep. 86]; *Mannix v. Purcell,* 46 Ohio St. 102 [24 N. E. Rep. 595; 2 L. R. A. 753; 15 Am. St. Rep. 562]; Elliott, Evidence Secs. 420 to 433, 1335, 1336; *Potter v. Norwood (Vil.),* 12 Circ. Dec. 146 (21 R. 461).

## DUSTIN, J.

We think the village of Miamisburg has the power to appropriate the cemetery in question for public purposes. It has not been in "use" for forty years. The right of eminent domain is sovereign, and all private and corporate realty is subject to it, except that where the right

Pansing v. Miamisburg (Vil.)

has already been exercised, and the property continues in the use for which it was conveyed or appropriated, it cannot again be taken for a different or inconsistent purpose. *Spring Grove Cemetery* v. *Railway,* 1 Dec. Re. 316 ( 7 W. L. J. 251).

In this case it appearing that interments were made on payment of a fee, no title to the ground being granted to individuals, the only rights acquired by the survivors were to have the bodies of their dead remain long enough for thorough decomposition, and removed to another burying ground, when the property should be used for secular purposes. *Windt* v. *Church,* 4 Sand. Chan. Rep. 502.

It did not render the ordinance invalid to state several, harmonious purposes for which the property was to be used. Indeed it was the only practicable way. Should several ordinances be passed and several actions brought to condemn different parts of the same tract? That would complicate the situation, require an unnecessary multiplicity of suits and largely increased costs for no good reason.

The necessity for the appropriation cannot be questioned except for fraud and collusion.

The Burns law, Sec. 2702 (Lan. 3999; B. 1536-205) Rev. Stat., does not apply and could not be made to apply in advance of any knowledge as to what the premises would cost.

Nor was it necessary to declare the estate or interest to be acquired; for a fee simple is presumed unless a lesser estate is mentioned.

But we think the trustees of the churches should have been individually named as such. To generally designate parties to a suit as "trustees" of a church without giving their names leaves the identification of the parties wholly to the determination of the officer serving the process; and there is no means of testing the correctness of the service by comparison with the petition.

Opportunity will be afforded, however, to correct the condemnation proceedings in that respect, so as to bring the proper parties into court.

The case therefore will be continued for that purpose.

**Wilson** and **Sullivan, JJ.,** concur.